**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**IN RE: NONA MARIE WEEKS,** **CASE NO. 2:26-bk-70823R**
**DEBTOR** **Chapter 7**

**OBJECTION TO DEBTOR'S AMENDED CLAIMS OF EXEMPTION**

Comes now the Chapter 7 Trustee herein, J. Brian Ferguson, and for his Objection to Debtor's Amended Claims of Exemption (hereinafter the "Objection") states and alleges:

**TO NONA MARIE WEEKS: *YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION. YOU SHOULD READ THE ENTIRE DOCUMENT CAREFULLY AND DISCUSS THIS MOTION WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU SHOULD CONSULT ONE.* WITHIN THIS PLEADING THE TRUSTEE IS OBJECTING TO YOUR CLAIMS OF EXEMPTION. IF YOU DO NOT WANT THE BANKRUPTCY COURT TO SUSTAIN THE TRUSTEE'S OBJECTIONS, OR IF YOU WANT TO HAVE A HEARING BEFORE THE PRESIDING JUDGE IN YOUR CASE, THEN YOU, OR YOUR ATTORNEY, MUST FILE A WRITTEN RESPONSE TO THIS OBJECTION WITH THE CLERK OF THE BANKRUPTCY COURT AT 35 E. MOUNTAIN STREET, ROOM 316, FAYETTEVILLE, AR 72701. YOUR WRITTEN RESPONSE MUST BE FILED WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS OBJECTION, WHICH IS LISTED BELOW THE LAST PARAGRPAH OF THIS DOCUMENT. IF YOU MAIL YOUR RESPONSE TO THE CLERK FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THAT THE CLERK WILL RECEIVE IT WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS OBJECTION. YOU MUST ALSO MAIL A COPY OF YOUR RESPONSE TO THE TRUSTEE, J. BRIAN FERGUSON, AT 3333 PINNACLE HILLS PKWY, SUITE 410, ROGERS, AR 72758.**

**IF YOU FILE A TIMELY WRITTEN RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT YOU WILL RECEIVE NOTICE THAT A HEARING ON THE OBJECTION AND YOUR RESPONSE WILL BE HELD. THE NOTICE WILL LIST THE LOCATION, DATE AND TIME OF THE HEARING AND YOU MUST ALSO ATTEND THE HEARING. *IF YOU DO NOT FILE A TIMELY WRITTEN RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE TRUSTEE'S OBJECTION WITHOUT FURTHER NOTICE.***

1. Nona Marie Weeks (hereinafter the "Debtor") commenced the instant case with the filing of a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on April 27, 2026.

2. J. Brian Ferguson (hereinafter the "Trustee") is the duly appointed and acting Trustee for the

instant case having been appointed on April 27, 2026, and so served since that time.

3. The Debtor filed partial schedules (DE #1) on April 27, 2026, concurrently with her voluntary petition for relief.

4. On April 28, 2026, this Court issued a Notice of first meeting of creditors pursuant to 11 USC 341 (a)(hereinafter the "341 Meeting") (DE #7) setting a 341 Meeting for June 1, 2026.

5. On April 29, 2026, the Trustee filed his Objection to Debtor's Claims of Exemption (DE #9).

6. A hearing on Trustee's Objection to exemptions was scheduled for September 9, 2026 (see DE #10).

7. The 341 Meeting scheduled for June 1, 2026, was continued to June 30, 2026 (see DE #30); then continued again until July 31, 2026.

8. On June 8, 2026, the Debtor filed Amended Schedules A/B and C at DE #37.

9. The 341 Meeting in this matter has not been concluded and less than 30 days from the filing of the Debtor's amended claims of exemption have passed. Accordingly, the instant Objection is timely.

10. On her Amended Schedules, the Debtor listed ownership interest(s) in certain property and claimed exemptions therein as follows:

| Scheduled Asset | Scheduled value | Amount of claimed exemption | Statutory basis for exemption |
|---|---|---|---|
| 2009 Pebblefield Rd.<br>Waldron, AR 72958 (Amended Schedule A/B 1.1) | $129,500.00 | 100% of fair market value up to any applicable statutory limit | "Homestead exemption" |
| 2015 GMC Sierra<br>(Amended Schedule A/B 3.1) | $3,850.00 | 100% of fair market value up to any applicable statutory limit | "Federal Exemption & wild card exempt remaining" |
| 2000 Chevy Silverado<br>(Amended Schedule A/B 3.2) | $257.00 | 100% of fair market value up to any applicable statutory limit | "Wild Card Exemption Federal" |
| Everyday household appliances<br>(Amended Schedule A/B 6.0) | $4,000.00 | 100% of fair market value up to any applicable statutory limit | "Federal exempt household appliances" |
| 3 TVs, kids computers, things for everyday use<br>(Amended Schedule A/B 7.0) | $5,000.00 | 100% of fair market value up to any applicable statutory limit | "Federal exempt electronic" |

| | | | |
|---|---|---|---|
| 1 – handgun<br>(Amended Schedule A/B 10.0) | $300.00 | 100% of fair market value up to any applicable statutory limit | "wild card exemption" |
| Everyday clothes – 3 people<br>(Amended Schedule A/B 11.0) | $500.00 | 100% of fair market value up to any applicable statutory limit | "state necessary clothing exemption" |
| 3 wedding sets – 4 others "all passed from family"<br>(Amended Schedule A/B 12.0 ) | $1,000.00 | 100% of fair market value up to any applicable statutory limit | "3 wedding rings value $400, 4 other family ring $600, state exemption" |
| 1 Dog – 4 cats<br>(Amended Schedule A/B 13.0) | $0.00 | none | none |
| Health aids<br>(Amended Schedule A/B 14.0) | $300.00 | 100% of fair market value up to any applicable statutory limit | "medically necessary Arkansas exemption" |

11. The Trustee objects to each of the Debtor's claims of exemption described in the foregoing paragraph because the Debtor has failed to list specific statutory authority for the exemptions claimed.

12. To the extent that Debtor's handwritten notations regarding statutory authority such as "Homestead exemption", "Federal exempt household appliances", "wild card exemption", "state necessary clothing exemption", and "medically necessary Arkansas exemption" might be reasonably determined to be, or interpreted as, attempts to claim some property as exempt pursuant to the exemptions specified under 11 U.S.C. §522(d) and, also, claim other property as exempt pursuant to Article 9 of the Arkansas State Constitution, the Trustee objects because, pursuant to 11 U.S.C. §522(b)(1), a debtor is required to elect either federal or state exemptions and may not "stack" or combine federal and state exemptions, except as expressly authorized pursuant to 11 U.S.C. §522(b)(3).

13. The Trustee, further, objects to the amount(s) of each of the Debtor's amended claims of exemption listed as "100% of fair market value, up to any applicable statutory limit" for the following reasons:

(a) Because there are no dollar amounts specified for the claimed exemptions, the Trustee is unable to determine whether the property or equity in property the Debtor intends to claim as exempt exceeds the statutory limitation(s);

(b) The exemption a debtor may claim in property, pursuant to either 11 U.S.C. §522(d) or Article 9 of the Arkansas Constitution, is limited as to dollar amount and, in some cases, additional factors such as size or number. If the debtor fails to state specific dollar amounts for each claimed exemption, Trustee is unable to determine whether any exemption, or combination of exemptions, exceeds the statutory, or constitutional, limits

(c) If a debtor schedules, or has an interest in, property, or equity in property, which exceeds, or may exceed, various limits fixed by either 11 U.S.C. §522(d) or Article 9 of the Arkansas Constitution and fails to provide specific dollar amounts for each claimed exemption, the Trustee is unable to determine which property the debtor is choosing to "protect" and which property the Trustee may liquidate for the benefit of the estate and creditors, generally.

14. The Trustee has a duty to investigate the financial affairs of the Debtor and, in the instant case, that investigation is not yet complete. In fact, the Trustee's investigation cannot be completed without more information regarding the Debtor's assets, including the valuation of certain property scheduled by the Debtor and the existence, or lack thereof, of liens and encumbrances against the Debtor's assets. Once the Trustee's investigation is complete, it may well be that the value of one, or some, of the Debtor's assets exceed the Debtor's available exemption amounts.

15. In its opinion in *Schwab v. Reilly, 560 U.S. 770 (U.S. 2010)*, the United States Supreme Court stated that certain schedule entries, such as "unknown" or "100%" should be "red flags" to trustees and creditors and put them on notice that if they do not object, the whole value of the asset, whatever it might later turn out to be, may be exempt.

16. The United States Supreme Court has previously ruled that if an objection is not timely filed,

a Trustee is barred from contesting the validity of a debtor's claimed exemption even if the debtor, at the time of claiming the exemption, had no colorable statutory basis for claiming it. *See Taylor v. Freeland & Kronz, 503 U.S. 638 (U.S. 1992)*.

17. The Debtor's amended claims of exemption, as herein described, should be disallowed.

18. In the event that the Debtor is afforded the opportunity to amend her claims of exemption, the Debtor should be required to amend her claims of exemption to assign specific dollar amounts to the values and claimed exemptions of each of her scheduled assets so that the Trustee can determine what property is exempt and what property is, or may be, available for liquidation.

19. A debtor who acts in good faith is always permitted, prior to the closing of a bankruptcy case, to amend his or her schedules, including schedule C, if an error, omission, mistake, or new information regarding the debtor's financial condition is discovered subsequent to the filing of the debtor's schedules and all parties in interest are given notice of, and afforded an opportunity to object to, any amendments. Thus, the Debtor will not be prejudiced by amending her schedules and claims of exemption in accordance with the Trustee's objections because, if, at some future date, the Trustee or an interested party, determines that the Debtor's valuation of scheduled property and, or, the claimed exemption therein was inaccurate, the Debtor would be permitted to amend her schedules again in light of the new information, provided the Debtor has acted in good faith.

20. In the event that the Debtor fails to amend her claims of exemption in accordance with the instant Objection and, or, this Court's ruling on the same, this Court should require strict proof of the values of the property listed on the Debtor's Schedules and, or, Amended Schedules and determine which exemptions will be allowed and assign specific dollar amounts, within statutory limits, for such allowed exemptions.

WHEREFORE, the Trustee prays that this Court enter its order disallowing the Debtor's Claims of Exemption as herein described; directing the Debtor to amend her Claims of Exemption to assign specific dollar amounts to the values and claimed exemptions of each of her scheduled assets; and awarding to the Trustee all other just and proper relief to which he may be entitled.

Respectfully submitted,

*/s/ J. Brian Ferguson*
J. Brian Ferguson, Trustee
Ferguson Law Firm, PLLC
3333 Pinnacle Hills Pkwy, Suite 410
Rogers, AR 72758
(479) 464-4418 (Telephone)
brian@ozarkfunds.com

CERTIFICATE OF SERVICE

I, J. Brian Ferguson, do hereby certify this 9th day of July, 2026, that I have duly served a copy of the above and foregoing pleading via electronic mail upon the United States Trustee and upon all parties in interest subscribing to the Court's CM/ECF system in this case and upon the Debtor by mailing a copy of the foregoing to the Debtor by first class United States Mail, postage pre-paid, at 2009 Pebblefield Rd., Waldron, AR 72958.

*/s/ J. Brian Ferguson*
J. Brian Ferguson